UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Raymond Pacello, Jr., | Case No.: 17cv1931-CAB-KSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |
| Amy Jo Pacello, | |
| Defendant. | |

On, September 22, 2017, Plaintiff Raymond Pacello ("Plaintiff") filed a Notice of Removal, wherein he seeks to remove a state court dissolution proceeding (the "state action"). [Doc. No. 1.] Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] For the following reasons, Plaintiff's motion is **DENIED.**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity,

definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In his IFP application, Plaintiff states that he has a monthly income of $2,256.00 per month. [Doc. No. 2 at 2.] He also states that he has $600 in cash. *Id.* Finally, Plaintiff states that his monthly expenses are $1,970.00. [Doc. No. 2 at 5.] Given that Plaintiff's monthly income exceeds his monthly expenses by almost $300, the Court is not persuaded Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis*. Further, the Court cautions Plaintiff that the right to remove a case from state to federal court is vested exclusively in the defendant in a case. 28 U.S.C. §1441(a). Here, Plaintiff is also the Plaintiff/Petitioner in the state court action. Moreover, if Plaintiff is attempting to remove the more recent TRO proceedings in the state court action, proceedings that are ancillary to an action pending in state court cannot be removed to federal court if the underlying claim is being litigated in state court. *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 623 (7th Cir. 2013).

Plaintiff shall have until **October 11, 2017**, to pay the entire filing fee. If the filing fee is not paid by October 11, 2017, the Clerk of the Court shall **CLOSE** the case without further order from the Court.

**IT IS SO ORDERED.**

Dated: September 29, 2017

Hon. Cathy Ann Bencivengo
United States District Judge